IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CR-41-1FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>TYRONE GORDON, )<br>    Defendant. ) | **ORDER & MEMORANDUM<br>AND RECOMMENDATION** |

This matter is before the court on the following motions filed by Defendant Tyrone Gordon on September 24, 2014:

    1.    Motion to Dismiss Indictment [DE #285];

    2.    Motion for Favorable Evidence (*Brady* Motion) [DE #286];

    3.    Motion for Disclosure of Witness Statements (Jencks Act Motion) [DE #287];

    4.    Motion for Order to Preserve Rough Notes & Disclosure for Inspection and Copying [DE #288];

    5.    Motion for Production of Rule 404(b) Evidence [DE #289];

    6.    Motion for Bill of Particulars [DE #290]; and

    7.    Motion to Sequester Witnesses [DE #291].

The government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision or recommendation, as appropriate, by United States District Judge Louise W. Flanagan.

## BACKGROUND

Defendant Tyrone Gordon is one of twelve defendants in this case. On May 27, 2014, a federal grand jury returned a true bill of indictment charging Gordon with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960 and 963. Gordon is set to be arraigned on November 12, 2014. Before the court are a number of pretrial motions filed by Gordon.

## DISCUSSION

### I. Motion to Dismiss Indictment

Gordon moves to dismiss the charges against him as barred by the statute of limitations on the ground that there is no evidence to suggest that Gordon was involved in the conspiracy within the five-year period preceding the return of the Indictment in this case. In support of this motion, Gordon asserts that the government's evidence establishes that Gordon was affirmatively ejected from the conspiracy by defendant Shawn Melvin when Melvin took over the conspiracy in or about 2006. Accordingly, Gordon argues that any prosecution of him is barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282(a).

As in *Smith v. United States*, 133 S. Ct. 714 (2013), Gordon's claim "lies at the intersection of a withdrawal defense and a statute-of-limitations defense." *Smith*, 133 S. Ct. at 718. "Since conspiracy is a continuing offense, a defendant who has joined a conspiracy continues to violate the law 'through every moment of [the conspiracy's] existence,' and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot." *Id.* at 719 (alteration in original) (citations omitted). Although withdrawal "can free the defendant of

criminal liability" for postwithdrawal acts, proving withdrawal is "a burden that rest[s] firmly on the defendant regardless of when the purported withdrawal took place." *Id.* at 719-20.

Withdrawal from a conspiracy "must be shown by evidence that the defendant acted to defeat or disavow the purposes of the conspiracy." *United States v. Duncan*, No. 13-4752, 2014 WL 3031046, at *6 (4th Cir. July 7, 2014). "An affirmative act sufficient to withdraw from a conspiracy generally requires the defendant to disavow her participation either through 'the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach coconspirators.'" *Id.* at *6 (quoting *United States v. Leslie*, 658 F.3d 140, 143 (2d Cir. 2011)). It is not sufficient to prove that the defendant ceased conspiratorial activity. *Id.*

Gordon does not dispute that the government's evidence would support a finding that the conspiracy continued beyond the limitations period. In these circumstances, the burden rests on Gordon to prove his withdrawal. Accordingly, Defendant's motion to dismiss should be denied.

## II. *Brady* Motion

Gordon moves the court for an order compelling the production of all favorable evidence which may have an impact upon guilt, innocence or punishment. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The government asserts that it has provided to Defendant all discoverable material available at this time, with the exception of plea agreements and criminal histories of potential witnesses. The government further states that it is aware of its obligations under *Brady* and *Giglio* and that it intends to provide copies of any plea agreements and criminal records of witnesses to Defendant no later

3

than the Thursday prior to trial. The court credits the government's assertion that it will comply with *Brady* and *Giglio* and, accordingly, DENIES Defendant's *Brady/Giglio* motion.

### III. Motion for Disclosure of Witness Statements

Gordon also seeks pretrial disclosure of statements from prospective government witnesses pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of . . . discovery . . . *until said witness has testified on direct examination in the trial of the case*." 18 U.S.C. § 3500(a) (emphasis added). Rule 26.2 likewise requires production of witness statements after the witness testifies on direct examination. *See* Fed. R. Crim. P. 26.2(a). Although the government is not prevented from making early disclosure of witness statements, the court "may not require the government to produce Jencks Act material relating to one of its witnesses until *after* the witness has testified." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) (emphasis in original). Accordingly, Defendant's motion for pretrial disclosure of witness statements is DENIED.

### IV. Motion for Preservation of Rough Notes

Defendant requests that the government be required to preserve all rough notes of witness interviews taken during the course of the investigation and to make them available to Defendant prior to trial. The government opposes the motion on the ground that it has no obligation to preserve or disclose the information sought.

The Jencks Act does not generally require the production of handwritten or rough notes of a law enforcement agent where the notes are later incorporated into a formal statement or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes

4

may be subject to production as a "statement" under the Jencks Act if a witness reads and approves or adopts the notes. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. *See* 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Thus, to the extent Defendant seeks pretrial disclosure of agents' notes, that motion is DENIED.

Nevertheless, it is conceivable that a need for such notes could arise at trial. *See United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Defendant's motion to preserve the rough notes is GRANTED and the government is ORDERED to retain the rough notes of its agents in this matter until after the exhaustion of all appeal rights.

## V.  Motion for Rule 404(b) Evidence

Gordon next asks the court to order the government to "identify which, if any, 404(b) evidence it intends to introduce at trial" and to "schedule a pretrial hearing to examine the admissibility of all 404(b) evidence." (Mot. Prod. R. 404(b) Evid. [DE #289] at 1.)  Under Rule 404(b), the government is obligated to notify a defendant if it intends to use evidence of the defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ( providing that evidence of other crimes, wrongs, or acts may be admissible for certain purposes if, upon request by the accused, the prosecution provides reasonable notice in advance of trial (or during trial if the court excuses pretrial notice for good cause shown) of the general nature of any such evidence it intends to introduce at trial). In response to Defendant's motion, the government states that it is aware of its obligation to provide reasonable notice of its intent to offer Rule 404(b) evidence and that it will abide by the requirements of Rule 404(b). There being no indication that the

5

government has failed to meet its obligations under the rule, the court DENIES Defendant's motion.

## VI. Motion for Bill of Particulars

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Gordon moves the court for an order directing the government to file a bill of particulars, answering a laundry list of questions about the charges against him. For example, Defendant requests that the government be required to "[s]tate when each alleged co-conspirator allegedly joined the conspiracy and whether it is claimed that the Defendant conspired directly with each of the co-conspirators and whether it is claimed that all the co-conspirators met together to form the alleged conspiracy." (Mot. Bill Particulars [DE #290] ¶ 1.) As a further example, Gordon asks that the government be required to "[s]et forth each overt act by date, time, place, persons present and conversation that the Government intends to offer evidence of at trial." (*Id.* ¶ 6.)

The Constitution requires that an indictment contain "the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117 (1974). When an indictment fails to provide necessary information regarding an offense charged, a defendant is entitled to more detailed information. The purpose of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). A bill of particulars is not necessary, though, if the information has been provided either by the indictment or through discovery. *Id.* Additionally, a bill of particulars may not be used as a means of discovering the government's evidence or legal theories. *See United States v. Stroop*, 121 F.R.D. 269, 272 (E.D.N.C. 1988).

6

In this case, the Indictment sets forth the object of each of the alleged conspiracies, its general location, and the general time frame during which it occurred. *See United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994) (noting that the government is not required to prove or provide the exact date and time of an alleged offense). It also specifies the quantity of drugs attributable to each of the alleged co-conspirators, Defendant Gordon being charged with five kilograms or more of cocaine in both conspiracy counts. While overt acts are not listed in the Indictment, proof of an overt act in furtherance of the conspiracy is not required to sustain a conspiracy conviction under 21 U.S.C. §§ 846 or 963. *United States v. Shabani*, 513 U.S. 10, 14 (1994) (holding that proof of an overt act unnecessary for § 846 conspiracy); *see also United States v. Rogers*, No. 12-2594, 2014 WL 4400784, at *8 (6th Cir. Sept. 8, 2014) (determining that an overt act is an element of a conspiracy charge only where required by statute, such as the general conspiracy statute, 18 U.S.C. § 371).

Moreover, the government has provided Defendant with extensive discovery totaling approximately 3,471 pages of material, including historical statements concerning Defendant and his alleged co-conspirators, airline and credit card company data, lab analyses of seized narcotics, and seized computer records. With the exception of plea agreements and criminal histories of potential government witnesses, the government asserts that it has provided all of its discoverable material to Defendant. It appears to the court that the discovery provided adequately informs Defendant of the identity of potential witnesses, the dates of activity reported, as well as the locations where the activities occurred. Defendant has been provided with sufficient information to inform him of the nature of the charges against him and to allow him to prepare for trial and avoid surprise. *See United States v. Tello-Nicio*, No. 5:05-CR-218 (E.D.N.C. Feb. 14, 2006) (bill of particulars unnecessary where the indictment generally spelled

7

out the crimes for which the defendant was charged and broad discovery had been provided). Gordon's demand that the government provide answers to the questions contained in his motion is nothing more than an attempt to discover the government's evidence or legal theories. Accordingly, Defendant's motion for a bill of particulars is DENIED.

## VII. Motion for Sequestration

Pursuant to Rule 615 of the Federal Rules of Evidence, Gordon seeks an order requiring that all witness be sequestered and prohibited from discussing their testimony with any other witness. At a party's request, the court must order witnesses excluded [from the courtroom] so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The government acknowledges that sequestration is mandatory upon a party's request. Nevertheless, the government seeks leave to request that additional case agents be permitted to remain in the courtroom should the need arise. Only one case agent may be exempted from sequestration under the exception set forth in Rule 615(b). *Farnham*, 791 F.2d at 334-35.

8

However, Rule 615 also authorizes the court to exempt from sequestration "a person whose presence a party shows to be essential to presenting the party's claim or defense." *See* Fed. R. Evid. 615(c). Should the government determine that the presence of more than one case agent is necessary, it may make an appropriate request pursuant to Rule 615(c) prior to or at the time of trial.

Accordingly, Defendant's motion to sequester witnesses is GRANTED. The court orders sequestration of all testifying witnesses with the exception of one case agent designated by the United States, Defendant, and such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified.

## **CONCLUSION**

For the foregoing reasons, the court enters the following orders:

1. Defendant's Motion for Favorable Evidence (*Brady* Motion) [DE #286] is DENIED;

2. Defendant's Motion for Disclosure of Witness Statements (Jencks Act Motion) [DE #287] is DENIED;

3. Defendant's Motion for Order to Preserve Rough Notes & Disclosure for Inspection and Copying [DE #288] is GRANTED IN PART and DENIED IN PART as hereinabove set forth;

4. Defendant's Motion for Production of Rule 404(b) Evidence [DE #289] is DENIED;

5. Defendant's Motion for Bill of Particulars [DE #290] is DENIED; and

6. Defendant's Motion to Sequester Witnesses [DE #291] is GRANTED.

It is further RECOMMENDED that Defendant's Motion to Dismiss [DE #285] be DENIED.

This 29th day of October 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge